H. F. JACOBBERGER, APPELLANT, V. LEE TERRY,
DOUGLAS COUNTY ELECTION COMMISSIONER, APPELLEE.
322 N.W.2d 620

Filed July 16, 1982. No. 44068.

R. A. Skochdopole and William R. Johnson of Kennedy, Holland, DeLacy & Svoboda, for appellant.

Donald L. Knowles, Douglas County Attorney, and Daniel G. Crouchley and John Q. Powers, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

HASTINGS, J.

On the court's own motion, the following portion of its opinion found at 211 Neb. 878, 889, 320 N.W.2d 903, 909 (1982), will be deleted:

"The appellant raises the following sentence from the trial court's order as the basis for the final assignment of error: 'That LB 329 requires any city of the metropolitan class to have a city-council form of government and to elect its council members by district.' It was upon this reasoning that the trial court based its conclusion that L.B. 329 did not violate article III, § 18.

"It is clear from the provisions of L.B. 329 and

§§ 19-401 et seq. that both are applicable to cities of the metropolitan class. In that respect, the trial court's order appears to be in error. However, 'It is a familiar principle that a proper judgment will not be reversed because the trial court gave an erroneous reason for its rendition.' *Strauss v. Square D Co.,* 201 Neb. 571, 576, 270 N.W.2d 917, 920 (1978). We have also stated in the past that 'Where a correct judgment or order has been made, the mere fact that it contains erroneous declarations of law does not require reversal.' *Lux v. Mental Health Board of Polk County,* 202 Neb. 106, 110, 274 N.W.2d 141, 144-45 (1979). While the trial court may have misstated the scope of L.B. 329, its conclusion regarding the law's validity under article III, § 18, was, as we noted above, correct. Consequently, its decision will not be overturned on this basis.''

The following language is substituted therefor:

"The foregoing discussion, it seems to us, makes superfluous the appellant's final assignment of error that the trial court erred in its finding 'That LB 329 requires any city of the metropolitan class to have a city-council form of government and to elect its council members by district.' It was upon this reasoning that the trial court apparently based its conclusion that L.B. 329 did not violate article III, § 18.

"If the trial court was correct in such finding, obviously the challenged legislation is neither special nor local in nature because all cities of the metropolitan class now existing or hereinafter coming into being would be treated the same. If the appellant is correct and a city now having a commission form of government can, because of population growth, become a city of the metropolitan class and retain its existing form of government, as we have explained above, the Legislature has a reasonable basis for distinguishing between the commission form of city government and all other forms of city government for metropolitan class cities.''

Additionally, the following sentence, "Finally, we will not overturn what we find to be a correct finding by the trial court in spite of what appears to be a misstatement of the law in the court's order," found at 890, 320 N.W.2d at 909, is deleted.